WILLIAM WARWICK v. HENRY T. COX.

Unless the *postea* be filed within the ten days limited by rule forty-five of the Supreme Court, at the first term after verdict, the party holding the *postea* cannot, after that time, move for the filing and judgment without notice to the opposite party.

---

On motion to open judgment and take *postea* from files of court.

. Argued at June Term, 1873, before Justices WOODHULL and SCUDDER.

For the plaintiff, *W. D. Holt.*

For the defendant, *M. Beasley, Jr.*

The opinion of the court was delivered by

SCUDDER, J.   At the May Term, 1871, of Mercer Circuit Court, there was a judgment obtained by the plaintiff against the defendant; at the June Term of the Supreme Court a

Warwick v. Cox.

motion was made by plaintiff's attorney to file the *postea* and enter judgment *nisi*.

The defendant's counsel moved in arrest of judgment, and, after argument, the motion was denied.

The *postea* was not filed and the judgment was not entered until November 24th, 1871. The November Term of Supreme Court began November 7th, 1871.

No notice was given of motion to file *postea* and enter judgment, and the defendant had no knowledge of the judgment until execution was levied on his property.

Rule forty-five of the Supreme Court orders, that unless the *postea* be filled within ten days after the first day of the term next after the verdict, such failure shall be considered, at the option of the opposite party, a waiver of such verdict, unless the court, in its discretion, shall order otherwise.

Unless the *postea* be filed within the time limited at the first term after verdict, the party holding the *postea* cannot, after that time, move for the filing and judgment, without notice to the opposite party.

The entry of judgment without such notice is irregular, and will be set aside.

Where it is the defendant's desire, as it is here, to take a writ of error, if he has no notice of the judgment at the term at which it is rendered, or within fifteen days thereafter, he cannot file his recognizance of bail so as to stay execution. *Nix. Dig., Errors, p.* 289, § 11.*

The plaintiff, by filing his *postea* and entering judgment out of time without notice, has this advantage, that the defendant, although he might bring his writ of error, could not stay the execution against him.

The judgment should be opened and the *postea* taken from the files of the court; the plaintiff can then make his motion upon notice, to file his *postea* and enter judgment, upon which the court may take such action as in its discretion may seem right between the parties.

Let the order be entered accordingly.

* *Rev., p.* 375, § 18.